UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-117-pp |
| Plaintiff, | |
| v. | |
| WILLIAM H. PHILLIPS and MARGAREE CAMPBELL, | |
| Defendants. | |

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 349) AND DENYING DEFENDANTS' JOINT MOTION TO DISMISS FOR IMPROPER VENUE (DKT. NO. 304)**

The government charged defendants William Phillips and Margaree Campbell with one count of conspiracy to possess with intent to distribute and to distribute heroin, and multiple counts of attempting to possess with intent to distribute and to distribute heroin. Dkt. No. 115. The indictment alleges that Phillips and Williams were part of the Rayford Williams drug trafficking organization (DTO). Id.

On December 18, 2015, Phillips and Campbell filed a motion asking the court to dismiss all of the substantive drug counts (Counts 3-11, 13-14, 16, 18-19 and 21-23) against them for improper venue. Dkt. No. 304. Specifically, they argued that all of their alleged drug dealing took place in the Chicago area, and thus that venue in the Eastern District of Wisconsin was improper. Id.

1

On March 11, 2016, Judge Joseph issued a report and recommendation, recommending that this court deny the motion to dismiss. Dkt. No. 349. Judge Joseph found that the facts were disputed as to whether Phillips and Campbell had reason to know where the drugs they had sold the Williams DTO were headed, and that the jury was the appropriate fact-finder with regard to that question. Id.

The defendants objected to Judge Joseph's report and recommendation. Dkt. No. 354. By this order, the court adopts Judge Joseph's recommendation, and denies the defendants' motion to dismiss.

Judge Joseph's order sufficiently lays out the case law regarding the constitutional underpinnings of the venue requirement. Dkt. No. 349 at 2-3. The court, then, will move to the specific issue raised by the defendants.

In 1987, the Seventh Circuit considered a defendant who'd been charged with using a communication facility to commit a felony drug offense, in violation of 21 U.S.C. §843(b). Andrews v. United States, 817 F.2d 1277, 1279 (7th Cir. 1987). The court had to decide where the defendant, who had received all of the charged calls in Illinois, had "used" the alleged communication facility (the phone). Id. One of the charged calls had been placed from the Western District of Wisconsin, and that was where the defendant was charged. Id. at 1278. The defendant challenged venue in Wisconsin, arguing that if the court allowed the government to prosecute someone in the district in which the government itself chose to place a call, it would be allowing impermissible forum shopping. Id. at 1279. The Seventh Circuit found no evidence of forum-

2

shopping, and indicated that if there had been such evidence, the trial court could have transferred venue to another district pursuant to Fed. R. Crim. P. 21. Id. at 1279-80.

Subsection (b) of Fed. R. Crim. P. 21 states that, "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." The defendants could have asked Judge Joseph to transfer the entire prosecution, or possession and distribution counts against them, to the Northern District of Illinois. They did not do so.

Instead, they filed a motion asking the court to dismiss Counts 3-11, 13-14, 16, 18-19, and 21-23 for lack of venue, pointing to the constitutional underpinnings of the venue doctrine. The defendants' argument is somewhat similar to the argument of the defendant in Andrews: while they concede that venue is proper in the Eastern District of Wisconsin for the conspiracy count, they argue that it is not proper for the attempted distribution and possession counts, because all of the defendants' alleged activity regarding those counts took place in the Northern District of Illinois.

The government charged the defendants with attempted distribution and possession under 21 U.S.C. §§841(a)(1) and 846. In United States v. Muhammad, 502 F.3d 646 (7th Cir. 2007), the Seventh Circuit held that when considering whether venue is proper for a defendant charged with violating 21 U.S.C. §§841(a)(1) and 846, a court must keep in mind that possession with

3

intent to distribute is a "continuing crime," and that "attempt" is an inchoate crime. Id. at 653. Thus, the court held, in cases involving such continuing offenses, "it is not essential that the defendant ever [has] been physically present in the district in question, so long as the offense continued into the district." Id. (citation omitted). While the court agreed that venue in such continuing offenses would be improper when the "Government had failed to demonstrate that *any* activity involving that particular count occurred" in the charging district, it found that venue would be proper in a continuing offense if a defendant "attempted to possess cocaine with intent to distribute" in the charging district. Id. at 654.

Judge David Hamilton (then a district judge) considered those conclusions in a case in which "venue [was] based not on the defendant's own contacts with the forum but instead on the actions of others," and acknowledged that venue in that circumstance posed a more difficult question. United States v. Jang, No. 07-cr-52, 2007 WL 4616927, at *7 (S.D. Ind. Dec. 27, 2007). Judge Hamilton read the Muhammad decision in conjunction with Judge Cudahy's concurrence in Andrews, in which Judge Cudahy indicated that in order for venue to be constitutional in a case involving use of a communication facility, the evidence would have to show that the defendant had some knowledge of the place from whence the call was placed. Id. (citing Muhammad, 502 F.3d at 1281 (Cudahy, J., concurring). Judge Hamilton opined that reading Muhammad and the Andrews dissent together "suggest[ed] that the Constitution's criminal venue requirements include some degree of

4

knowledge of the effect on the forum state or district that would make it foreseeable for a defendant to expect to be, in the phrase drawn from personal jurisdiction in civil cases, 'haled into court there.'" Id. (quotation omitted).

Judge Hamilton could not tell from the indictment and pleadings whether the defendant had knowledge, or reason to know, that the images of child pornography he produced would later be transported to Indiana. Id. at *9. Accordingly, he denied the defendant's motion to dismiss without prejudice, and expressed a willingness to reconsider the issue were the facts at trial to demonstrate that the defendant had no such knowledge. Id. Judge Joseph reached a similar conclusion in this case, and her decision walks through the facts presented in the charging documents and other pleadings to conclude that the facts regarding what Phillips and Campbell had reason to know are disputed. Dkt. No. 349 at 7-9.

Prior to the issuance of the indictment, the government filed a complaint, accompanied by a detailed, 104-page affidavit. Dkt. No. 1. That complaint and affidavit were filed under seal, because the defendants had not yet been apprehended. The facts contained in the affidavit indicate the following:

(1) defendant Rayford Williams sometimes drove a silver Saturn Ion with Wisconsin plates (Id. at ¶21);

(2) defendant George Seals drove a white Oldsmobile Aurora with Wisconsin license plates (Id. at ¶44);

(3) intercepted telephone calls indicated that defendant Williams obtained heroin from defendant Phillips, who was located in Chicago, Illinois (Id. at ¶45);

5

(4) Phillips obtained that heroin from his sister, Margaree Campbell (Id. at 46;

(5) Williams started using George Seals as a heroin distributor in Milwaukee (Id. at ¶47);

(6) Campbell was a heroin distributor in Chicago, Illinois (Id.);

(7) Phillips and Campbell were "believed to be brother and sister" (Id. at ¶51);

(8) agents believe that on at least sixteen occasions, Rayford Williams had obtained heroin from Phillips and Campbell (Id.);

(9) during a phone call intercepted on March 22, 2015, Williams told Phillips that Williams was going to "come down there to see you" (Id. at ¶52);

(10) later the same day, a GPS tracking device on the silver Saturn Ion with Wisconsin plates reflected that it had traveled from Milwaukee to Chicago (Id. at ¶¶ 53-54); and that intercepted phone conversations indicated that Phillips had met with Phillips in Chicago that day (Id. at ¶¶53-55);

(11) during another call intercepted later that same day, Phillips asked Williams (who had left Phillips' residence earlier in the day) "You alright family?," and that the agents "believe[d]" this meant that Phillips was asking Williams "if [Williams had made it back to Milwaukee safely" (Id. at ¶55);

(11) a call intercepted on April 28, 2015 reflected Williams telling Phillips that he was about to "send my partner up there" (Id. at 56);

(12) a call intercepted later on April 28, 2015 recorded Williams telling Phillips that he would "be up there" the next day—April 29, 2015 (Id. at 57);

(13) a call intercepted later that same day recorded George Seals telling one of his customers that he had to get up early the next day to "go up there," and that he'd be back by 1:00 o'clock (Id. at ¶58);

(14) calls intercepted on April 29, 2015 indicated that Williams sent Seals to Chicago that day, and that Seals drove his white Aurora from Milwaukee to Chicago (Id. at ¶¶59-60);

(15) Seals met with Phillips in Chicago, at Seals' car, later that day (Id. at ¶¶62-63); and

6

(16) a call intercepted after Seals left Chicago recorded Phillips asking George Seals, "You made it home safe, family?;" the agents concluded that Phillips had called Seals "to let him know he had arrived safely back in Milwaukee" (Id. at ¶63).

The indictment itself provides no additional information to enlighten the court on what defendants Phillips and Campbell may or may not have known about where the heroin they provided was headed. It states only that the defendants conspired with each other to possess with the intent to distribute and to distribute heroin (Count One), and then charges various defendants with attempting to distribute and to possess with intent to distribute heroin on various dates. Dkt. No. 115.

In its response to the defendants' motion to dismiss the substantive drug counts for lack of venue, the government argues that the facts alleged in the affidavit (or a summary of them) demonstrate that Phillips and Campbell had reason to believe that the drugs they sold in Chicago would travel to Milwaukee. Judge Joseph, however, found that at this point, she could not answer the question of whether those facts established that proposition.

This court reaches the same conclusion as Judge Joseph did. The facts described above do not shed definitive light on whether Phillips and Campbell had reason to know that the heroin they sold was bound for Milwaukee. The facts support an inference that Phillips knew that Williams and Seals did not live in Chicago—the recorded conversations indicate that he and both Williams and Seals exchanged calls over an extensive travel time, and that Phillips may have checked with both Williams and Seals after their trips to make sure they

7

arrived at their home destinations safely (implying that he knew they had a long way to travel, and a long distance over which to risk apprehension). But these facts don't demonstrate that Phillips knew that Williams and Seals were taking the drugs to *Wisconsin*. They demonstrate only that he appears to have known that Williams and Seals were taking them somewhere further away than the Chicago metropolitan area.

The government also argues that the cars that Williams and Seals used to travel to Chicago bore Wisconsin license plates. The affidavit supports this assertion. But the affidavit gives little information to warrant an assumption (and at this point, it appears that the government is making just that—an assumption) that Phillips saw the plates on either car, or noticed that they were Wisconsin plates (as opposed to Indiana or any other state). The government points out that during some intercepted phone conversations, Williams told Phillips that he coming "down there" to see Phillips; this could cause Phillips to infer that Williams lived somewhere north of Chicago. But in other conversations, Williams talks about going "up there," or sending his partner (Seals) "up there." Those statements could have caused Phillips to infer that Williams, or his partner, were coming from somewhere *south* of Chicago.

Further, these facts do not provide any indication that defendant Campbell had information about where the drugs she gave Phillips (that ended up with Williams/Seals) were going, or even to whom Phillips was giving them. While the facts indicate that Phillips and Campbell were brother and sister,

8

this does not demonstrate that Phillips knew where the drugs he procured from Campbell were headed, or that if he did know, he told her.

The court disagrees with the defendants' assertion in their objection to Judge Joseph's recommendation that "the factual record is sufficiently developed for the Court to determine that venue in the Eastern District of Wisconsin is not proper." Dkt. No. 354 at 10. The record contains some hints that perhaps Phillips might have had reason to know that Williams and Seals took the drugs back to Wisconsin, and while the affidavit is silent on the subject, it is possible that the government might present evidence at trial to prove that Campbell knew, as well. The court agrees with the government (and with Judge Joseph) that the appropriate way to address the lack of factual clarity regarding what Phillips and Campbell did or did not know is best resolved by providing a venue instruction to the jury at trial. If the jury finds that the government has not proven venue as to one or both of the defendants, then it may find in their favor as to the substantive counts. That is the jury's function—to determine whether the government has carried its burden of proof as to the facts that would support the conviction on each count. In the alternative, if at the close of the government's case, the defendants believe that the government has failed to prove any facts that would support venue on any of the substantive drug counts, the defendants may ask the court to enter judgment in their favor on those counts.

9

The court **ADOPTS** Judge Joseph's recommendation (Dkt. No. 349), and **DENIES** the defendants' motion to dismiss the substantive drug counts for lack of venue. Dkt. No. 304.

Dated in Milwaukee, Wisconsin this 16th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge